UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON TYSI, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:25-CV-531-KAC-JEM |

**ORDER AND REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in Forma Pauperis with Supporting Documentation ("Application") [Doc. 8] and his Amended Complaint [Doc. 13].

For the reasons more fully stated below, the Court **GRANTS** the Application [**Doc. 8**] and will therefore allow Plaintiff to file his Amended Complaint without the payment of costs. The undersigned **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's claim under 29 C.F.R. § 1977.12(b)(12) but allow his remaining claims to proceed beyond the screening phase.

**I. DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application [Doc. 8] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned

solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income and several liabilities and expenses. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Court detailed Plaintiff's allegations in its previous Order [Doc. 10]. Generally, Plaintiff alleges that he experienced discrimination while working for his former employer [*See id.*]. The Court observed several deficiencies in Plaintiff's Complaint, including Plaintiff's alleged violations of the Occupational Safety and Health Administration Act ("OSHA"), but allowed him an opportunity to amend [*See id.*].

Plaintiff has since filed an Amended Complaint [Doc. 13], which addresses the deficiencies previously identified. But Plaintiff still maintains an action "under Federal Protection under 29 C.F.R. [§] 1977.12(b)(2) [d]iscrimination against employees exercising their [R]ights under OSHA" [Doc. 13 p. 3]. He cannot bring this claim. *See* 29 U.S.C. § 660 (c)(2) (explaining that the Secretary shall bring such actions); *see also ProTrition Feed, LLC v. CP Ironworx, LLC*,

No. 3:24-CV-01110, 2025 WL 1680013, at *4 (M.D. Tenn. June 13, 2025) ("The Sixth Circuit has held unequivocally that OSHA does not create a private cause of action[.]" (citation omitted)); *Lopez-Ramos v. Cemex de Puerto Rico, Inc.*, No. CV 19-1443, 2020 WL 5224190, at *9 (D.P.R. Sept. 1, 2020) (explaining that the "Secretary (and not the aggrieved employee) . . . is authorized by OSHA to bring an action in a United States District Court to seek redress for a violation of OSHA's anti-discrimination/whistle-blower provision" (emphasis omitted)); *Pardo v. Securitas*, No. 13-CV-3796, 2013 WL 5423798, at *2 (E.D.N.Y. Sept. 26, 2013) ("I have also considered whether [the plaintiff's] claim of retaliation can be considered under OSHA, and I find that it cannot."); *Jones v. Staten Island Univ. Hosp.*, No. 04-CV-3302, 2006 WL 2713987, at *1 (E.D.N.Y. Sept. 22, 2006) ("[N]either an OSHA violation nor retaliation against an employee for complaining of such a violation will support a cause of action under OSHA by the affected employee.").[2]

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis [**Doc. 8**]. But no process shall issue until the District Judge has ruled upon this

---

[2] Plaintiff alleges a violation of the Tennessee Rehabilitation Act, which he abbreviates as "TDA" [Doc. 13 p. 3]. Given that, it appears that Plaintiff intends to pursue a claim under the Tennessee Disability Act as the Tennessee Rehabilitation Act does not exist.

Report and Recommendation[3] because the undersigned **RECOMMENDS**[4] that Plaintiff's claim under OSHA be **DISMISSED**.[5]

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[3] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[5] Should the District Judge agree with this recommendation and allow Plaintiff's other claims to proceed, this "does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12." *Bawcom v. Roades*, No. 3:22-CV-00923, 2023 WL 425376, at *4 (M.D. Tenn. Jan. 26, 2023).